# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv–01826-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff Joseph A. Brown, a federal prisoner proceeding pro se, brings this as a civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiff alleges violations under section 1983, he is asserting claims that should be raised pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.  The complaint in this action was filed on October 31, 2011.  (ECF No. 1.)

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule

8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

**II.     Discussion**

Plaintiff is in the custody of the Federal Bureau of Prisons and is incarcerated at the United States Penitentiary in Lompoc. Plaintiff brings this action against the United States of America, United States Department of Justice, Federal Defender's Office, Federal Defender Marc Days, and Federal Defender Eric Kersten alleging malpractice and ineffective assistance of counsel and is seeking damages for his alleged wrongful incarceration in case no. 1:08-cr-00347-LJO.[1]

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To state a claim under Bivens, the defendant must have acted under the color of federal law. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

It is well established that court appointed attorneys are not state actors. Polk v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of section 1983 in representing plaintiff's interests); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law). Plaintiff's complaint fails to state a cognizable claim against his attorneys because a federal defender does not act under color of federal law when representing an indigent client. Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir.

---

[1] The Court takes judicial notice of United States v. Brown, 1:08-cr-00347-LJO, in which an indictment was filed charging Plaintiff with assault with intent to commit murder and assault on a federal official involving a deadly or dangerous weapon at the Atwater Federal Penitentiary. The indictment was dismissed on September 8, 2011.

2

1982) ("If a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding").

Additionally, a defendant may not be held liable under section 1983 on a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Plaintiff may not state a claim against the Office of the Federal Defender, the United States of America, or the United States Department of Justice based upon actions of an employee of the Federal Defender's Office. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978); see also Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) ("*respondeat superior* is inapplicable to Bivens actions"). Accordingly, Plaintiff has failed to state a cognizable claim.

### III. Conclusion and Recommendation

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under Bivens. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, without leave to amend, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///

///

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 8, 2011**          /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE